# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**FERNANDE R. EDWARDS,**
         **Plaintiff,**

**-vs-**                                                        **Case No. 6:09-cv-234-Orl-GJK**

**CFI SALES & MARKETING, INC.**
**CENTRAL FLORIDA INVESTMENTS,**
**INC. WESTGATE RESORTS, INC.,**
         **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION AND PERMISSION TO SEND COURT SUPERVISED NOTICE ADVISING SIMILARLY SITUATED INDIVIDUALS OF THEIR OPT-IN RIGHTS PURSUANT TO 29 U.S.C. SECTION 216(B) (Doc. No. 101)**
>
> **FILED:** October 9, 2009
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED as unopposed and the Court issue the Notice agreed to by the parties at docket entries 107-2, 107-3**.

## I.    BACKGROUND

On October 9, 2009, Fernande R. Edwards (the "Plaintiff") filed a Motion for Conditional Certification of Collective Action and Permission to Send Court Supervised Notice Advising Similarly

Situated Individual of Their Opt-In Rights Pursuant to 29 U.S.C. § 216(b) (the "Motion"). Plaintiff attached his affidavit and the affidavits of two other individuals which state that there are between 150 and 250 similarly situated individuals who may wish to join this lawsuit, some of whom have expressed such an interest. Doc. Nos. 101-4, 101-5, 101-6. On November 6, 2009, the parties filed a Joint Stipulation on the Motion, stipulating to the following: 1) Defendants will not oppose the Motion; 2) the putative class will receive the notice (Doc. Nos. 107-2, 107-3); 3) within 30 days from the entry of an order granting the Motion, Defendants will provide Plaintiff with the names and address of former and current similarly situated employees; 4) Plaintiff will have ten business days from the receipt of those names and address to mail the notice to the putative class; 5) the putative class members will have 45 days from the mailing of the notice to file their consent to join forms (any consent to join forms filed after the expiration of the 45 day period will be deemed untimely and stricken from the record); and 6) any person who has filed an opt-out notice with Court will not be included in the list of similarly situated employees provided to counsel. Doc. No. 107.

## II. **APPLICABLE LAW**

An FLSA action "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees **similarly situated**." 29 U.S.C. § 216(b) (emphasis added). In order to maintain a collective action under § 216(b), the named plaintiff must establish that the potential plaintiffs are "similarly situated" employees. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001); *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1567 - 68 (11th Cir. 1991).

Plaintiff thus bears the burden of demonstrating that the other employees are "similarly situated." This burden is less stringent than that for joinder or for certification of a class action under

Federal Rules of Civil Procedure 20(a) or 23.[1] *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). Plaintiff need only demonstrate that his or her position is "similar, not identical" to the positions held by the potential plaintiffs. *Id.* While a plaintiff's burden is not particularly strict, "unsupported allegations that FLSA violations were widespread and that additional plaintiffs" exist are insufficient to establish that similarly situated employees exist. *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983).

The United States Court of Appeals for the Eleventh Circuit has "suggest[ed]" that district courts use a "two-tiered approach to certification of § 216(b) opt-in classes." *Hipp*, 252 F.3d at 1218-19 (11th Cir. 2001). Under this approach, the first tier is the "notice stage," in which the district court determines whether to grant "conditional certification" of a representative collective action under the FLSA. *Id.* at 1218. The Eleventh Circuit noted:

> At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential [plaintiffs]. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class.

*Hipp*, 252 F.3d at 1218. When the district court grants conditional certification, potential plaintiffs receive notice and the opportunity to "opt-in." Under the Eleventh Circuit's recommended approach, the case thus proceeds as a collective action through the close of discovery. *Id.* After the completion

---

[1] The Eleventh Circuit has delineated several reasons why the "similarly situated" requirement under § 216(b) is considerably less stringent than the class action requirements under Federal Rule of Civil Procedure 23. *See, e.g., Cameron-Grant v. Maxim Healthcare Serv., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003). First, under § 216(b), even if a plaintiff can demonstrate that the potential plaintiffs are "similarly situated" employees, the plaintiff has no independent right to represent such individuals. *See id.* at 1249. Instead, the potential plaintiffs must file with the district court written consent to become a party plaintiff. 29 U.S.C. § 216(b). Thus, unlike most Rule 23 class actions, a § 216(b) action does not become a collective action unless another plaintiff affirmatively chooses to opt into the class. *See Cameron-Grant*, 347 F.3d at 1249. "[I]n contrast, to Rule 23 class actions, the existence of a collective action under § 216(b) does depend on the active participation of other plaintiffs." *Id.* The difference between Rule 23 class actions and § 216(b) collective actions is therefore a "fundamental, irreconcilable difference[.]" *Id.*

of discovery, the defendant may initiate the "second tier" by filing a motion for "decertification." *Id.* At this second stage, the district court makes a factual determination as to whether the claimants are "similarly situated." *Id.* If the claimants are not similarly situated, the district court "decertifies" the group; the opt-in plaintiffs are then dismissed without prejudice; and the original "representative" plaintiff continues to trial (or otherwise) on his or her original claim. *Id.* According to the Eleventh Circuit, the two-tiered approach is an "effective tool for district courts to use in managing these often complex cases, and we suggest that district courts in this circuit adopt it in future cases." *Id.* at 1219. The Eleventh Circuit notes, however, that "[n]othing in [the Eleventh Circuit] precedent . . . requires district courts to utilize this approach." *Id.* Indeed, the decision to create an opt-in collective action under § 216(b) remains "soundly within the discretion of the district court." *Id.*

### III. ANALYSIS

After considering the affidavits provided by Plaintiff and the stipulation of the parties, the undersigned recommends that the Court:

1) **GRANT** the Motion (Doc. No. 101) as unopposed;

2) Accept the stipulation of the parties (Doc. No. 107); and

3) Issue the Notice (Doc. Nos. 107-2, 107-3) in accordance with the parties' stipulation (Doc. Nos. 107).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 23, 2009.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy