**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FERNANDE R. EDWARDS, and others similarly situated,**

                **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　**Case No.  6:09-cv-234-Orl-28GJK**

**CFI SALES & MARKETING, INC.**
**CENTRAL FLORIDA INVESTMENTS,**
**INC. WESTGATE RESORTS, INC.,**

                **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**   **RENEWED MOTION FOR SANCTIONS AGAINST CERTAIN PLAINTIFFS  (Doc. No. 261)**
>
> **FILED:**   **April 4, 2011**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part, and the Court dismiss the forty-five (45) opt-in plaintiffs listed below for failure to prosecute pursuant to Rule 41(b), Federal Rules of Civil Procedure and the Court's inherent authority.**

> **MOTION:** **JOINT MOTION FOR EXTENSION OF TIME TO FILE THE JOINT MOTION FOR APPROVAL OF SETTLEMENT** (Doc. No. 275)
>
> **FILED:** May 20, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

**I.   BACKGROUND**.

On February 9, 2009, Fernande R. Edwards (the "Plaintiff") filed a collective action suit on behalf of herself and others similarly situated against CFI Sales & Marketing, Inc., Central Florida Investments, Inc., and Westgate Resorts, Inc. (collectively, the "Defendants") for alleged violations of the overtime provisions of the Fair Labor Standards Act (the "FLSA"). Doc. No. 1. On March 2, 2009, the Court issued a Scheduling Order requiring all opt-in plaintiffs to file their answers to the Court's Interrogatories no later than fifteen days after filing their notice to opt-in as plaintiffs. Doc. No. 15 at ¶ 3. In the Scheduling Order, the Court cautioned the parties that it "expects strict adherence to these deadlines," and "[f]ailure to comply may result in the imposition of sanctions, including but not limited to the dismissal of the case and the striking of pleadings." Doc. No. 15 at ¶ 7.

On December 16, 2009, the Court entered an order granting a conditional collective action certification. Doc. No. 110. To date, the following opt-in plaintiffs (the "Opt-In Plaintiffs") have failed to answer the Court's interrogatories:

| | | |
|---|---|---|
| 1. Nicholas Ackerberg | 16. Dawn Rondon | 31. Donald Miles |
| 2. Loris Catillo | 17. Joe Rosado | 32. Antionette Newell |
| 3. Keith Cormier | 18. Roberto Roasad | 33. Allen Parker |
| 4. Beatriz Dominguez | 19. Elio Tapanes | 34. Carole Wateley |
| 5. Vivian Frascona | 20. Isabel Veliz | 35. Hugh Williams |
| 6. Timothy Garito | 21. Christopher Wranik | 36. Gloria Aguirre |
| 7. Nicole Hampton | 22. Pauline Courchene | 37. Walter Collado |
| 8. Clara Hansen | 23. Carmen Del Kubach | 38. Aiman Hussein |
| 9. Byron Levine | 24. Janice Genao | 39. Cecilia Parrales |
| 10. Ali May | 25. Arthur Grimes | 40. Frank Thompson |
| 11. Edwardo Miranda | 26. Daryl Hamilton | 41. Ricardo Tobon |
| 12. Anthony Paez | 27. Mark Hoffman | 42. Ernesto Aviles |
| 13. Manuel Perez | 28. Lance Jochims | 43. Shane Cumiskey |
| 14. Elizur Reyes | 29. Patrick Leiby, II | 44. Jamil Sauders |
| 15. Damon Robinson | 30. Brenda McClintock | 45. Thomas Horsley |

Doc. No. 261 at 3.

On March 4, 2011, the mediator filed a report stating that the "[t]he case has been completely settled." Doc. No. 259. On April 4, 2011, Defendants filed a Renewed Motion for Sanctions Against Certain Opt-In Plaintiffs (the "Motion") requesting that the Court enter an order dismissing with prejudice the above listed Opt-In Plaintiffs for their failure to answer the Court's Interrogatories. Doc. No. 261.[1] Defendants state that Plaintiffs do not dispute that the above listed Opt-In Plaintiffs have failed to comply with the Court's Scheduling Order. Doc. No. 261 at 4-5. Defendants maintain that

---

[1] The Defendants previously filed a similar motion (Doc. No. 249), but that motion was denied (Doc. No. 260) after the mediator filed the notice stating that all claims had completely settled. In the Motion, Defendants state the Opt-In Plaintiffs listed above did not participate in the mediation. Doc. No. 261 at 4.

during mediation the parties settled the other eighty-four (84) individual claims at issue in this case. Accordingly, due to the Opt-In Plaintiffs failure to file answers to the Court's Interrogatories and for otherwise failing to prosecute their claims, Defendants request that they be dismissed with prejudice.

On April 8, 2011, Plaintiffs filed a response (the "Response") to the Motion. Doc. No. 263. In the Response, counsel for Plaintiffs states that he has "attempted to contact all non-compliant Opt-In Plaintiffs including telephone and mail correspondence," but all Opt-In Plaintiffs have failed to respond or comply with the Court's Scheduling order. Doc. No. 263 at 2. On May 23, 2011, Plaintiffs filed an amended response (the "Amended Response") stating that only Cecilia Parrales has initiated contact with counsel for Plaintiffs and counsel "is in the process of completing her Answers to [the] Court's Interrogatories." Doc. No. 276 at 2. However, on May 24, 2011, Cecilia Parrales filed a notice of withdrawal of her Opt-In Plaintiff status. Doc. No. 277. Defendants have not objected to Ms. Parrales' notice of withdrawal. Thus, with the exception of Ms. Parrales, who has withdrawn her consent to join this collective action, Plaintiffs raise no objections to dismissing the case with prejudice as to the above listed Opt-In Plaintiffs for failure to prosecute. Doc. Nos. 263, 276.

On May 20, 2011, due to the outstanding issues regarding the Opt-In Plaintiffs, the parties filed a Joint Motion for Extension of Time to File the Joint Motion for Approval of Settlement (the "Joint Motion"). Doc. No. 275. In the Joint Motion, the parties state that the deadline to file a joint motion for approval of the settlement agreement is May 20, 2011. Doc. No. 275 at 1. The parties state that because the Opt-In Plaintiffs listed above may ultimately be dismissed, the parties cannot, at this time, accurately reflect in any motion to approve the settlement agreement that all claims have been completely settled. Doc. No. 275 at 2. Accordingly, the parties request an extension of time until

June 20, 2011 to file a joint motion to approve the settlement agreement and to dismiss the case. Doc. No. 275 at 2.

**II.   ANALYSIS.**

It is undisputed that the Opt-In Plaintiffs listed above have failed to comply with the Court's Scheduling Order (Doc. No. 15 at 2) by failing to file answers to the Court's interrogatories or otherwise participate in this case. Accordingly, pursuant to Rule 41(b), Federal Rules of Civil Procedure, and the Court's inherent authority, it is recommended that the Court grant the Motion (Doc. No. 261) and dismiss with prejudice the Opt-In Plaintiffs listed above, with the exception of Ms. Parrales who withdrew her consent to join this action, for failure to prosecute. *See also Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (holding it is in the Court's inherent power to dismiss for lack of prosecution). It is also recommended that the Court grant the Joint Motion (Doc. No. 275) to the extent that the parties be given fourteen (14) days from the date the Court rules on the Motion to file a joint motion for approval of the settlement agreement and to dismiss the case with prejudice.

**III.   CONCLUSION.**

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **GRANT** the Motion (Doc. No. 261);

2. Dismiss with prejudice the Opt-In Plaintiffs listed in the table above with the exception of Parrales; and

3. **GRANT** the Joint Motion (Doc. No. 275) and provide the parties with fourteen (14) days from the date the Court rules upon the Motion (Doc. No. 261) to file a joint motion for approval of the settlement agreement.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.  **If the parties have no objection to this report and recommendation they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on June 3, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy