# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

FERNANDE R. EDWARDS, and others
similarly situated,

                    **Plaintiffs,**

-vs-                                            Case No. 6:09-cv-234-Orl-28GJK

CFI SALES & MARKETING, INC.;
CENTRAL FLORIDA INVESTMENTS, INC.,
AND WESTGATE RESORTS, INC.,

                      **Defendant.**

_____

## REPORT AND RECOMMENDATION

### TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT RENEWED MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION FOR DISMISSAL WITH PREJUDICE (Doc. No. 286)** |
| **FILED:** | August 30, 2011 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**, opt-in Plaintiff, Carlos Avila, be dismissed based upon his notice of withdrawal of opt-in status, and the fourteen (14) opt-in Plaintiffs identified in the table below be considered part of the settlement class and that their respective recoveries be distributed as per the parties' agreement, as set forth in paragraph seventeen (17) of the motion. | |

On February 9, 2009, Fernande R. Edwards (the "Edwards") filed a collective action suit on behalf of herself and others similarly situated (collectively, the "Plaintiffs") against CFI Sales

& Marketing, Inc., Central Florida Investments, Inc., and Westgate Resorts, Inc. (collectively, the "Defendants") for alleged violations of the overtime provisions of the Fair Labor Standards Act (the "FLSA"). Doc. No. 1. On December 16, 2009, the Court entered an order granting a conditional collective action certification. Doc. No. 110. Plaintiffs and Defendants jointly move (the "Motion") the Court to approve their settlement agreement (the "Agreement") pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice. Doc. Nos. 286; 286-1. The parties state that they will address the issue of attorneys' fees and costs, if necessary, separately. Doc. No. 286 at 4.

On October 18, 2011, the parties filed a Status Report noting that subsequent to the filing of the Motion, Carlos Avila, one of the opt-in Plaintiffs, filed a notice of withdrawal of opt-in status (Doc. No. 287). Doc. No. 288. The parties also state that the following fourteen (14) opt-in Plaintiffs stopped communicating with counsel and, therefore, have not stated whether or not they agree upon the proposed settlement of their opt-in claims:

| Luis Alicia | Patrese Lovecraft | Jorge Ramirez | Yaritza Fernandez | Andres Mendez |
| Roberto Santana | Sami Ghidhaoui | Lisa Ortega | Gamma Sellier | Adam Israel |
| Jorge Pereira | Kathy Valentine | Tony Littles | Alvaro Quintino | |

Doc. No. 286 at 6. In the Motion, the parties state that:

> Should this Court find that these Plaintiffs will not be part of the settlement class, any monies allocated to them would be returned in accordance with the [A]greement. In the alternative, should this Court find that these Plaintiffs are part of the settlement class and any Plaintiff fails to cash his or her settlement check within 180 days of issuance, Defendants shall tender that Plaintiff's settlement sum to the Florida Department of Financial Services, Division of

> Accounting and Auditing, Bureau of Unclaimed Property, and shall stop payment on the checks issued to that Plaintiff.

Doc. No. 286 at 6. The Agreement provides:

> If any putative member of the settlement class . . . rejects this settlement reached by EDWARDS, the only Plaintiff representative designated in this matter, he or she would be precluded from partaking of any settlement monies payable to him or her as part of this Agreement. Any portion of the settlement monies attributable to anyone rejecting this Agreement would be returned to CFI.

Doc. No. 286-1 at 2. Thus, in the Agreement, the parties stated that anyone who rejected the Agreement would be precluded from partaking in the settlement proceeds and those funds would be returned to Defendants. *Id*.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve

the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

This case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. *See* Doc. Nos. 1, 286. The parties were represented by independent counsel who are obligated to vigorously represent their clients. *Id*. The parties agreed to settle Plaintiffs collective action claims in exchange for a release of all claims for a total sum of $29,191.60 as reflected in the chart attached to the Motion. Doc. No. 286-1 at 9-10.

In support of the Motion, Plaintiffs state:

> [T]he estimates provided by each opt-in Plaintiff in their [respective] Answers to Court's Interrogatories ultimately were shown to be overstated as they were provided without the benefit of any payroll records from the Defendants. Consequently, these initial damages failed to account for the cyclical nature of Defendants' business. . . . Two significant facts were [also] taken

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

> into consideration by counsel for Plaintiffs and the Named Plaintiff before the instant settlement was reached. First, it is no secret that Defendants are having serious and significant financial issues and such have been publicized in the media. Second, the Defendants guaranteed payment to the Plaintiffs in this case. . . . Indeed, all settlement funds have been placed in escrow and will be distributed after approval of this Motion by the Court.

Doc. No. 286 at 5. Additionally, the parties state that the Defendants' agreement to settle their counterclaims against Plaintiff and a number of the opt-in Plaintiffs for recoupment of advancement monies was a factor weighing in favor of settlement. Doc. No. 286 at 2-3. In light of the foregoing, it is recommended that the Court find the proposed compromise of Plaintiffs' claims are fair and reasonable.

It is further recommended that based on his withdrawal of consent, opt-in Plaintiff Carlos Avila be dismissed. Because the fourteen (14) opt-in Plaintiffs listed in the table above have not withdrawn their consent to join this action, it is recommended that the Court find they are parties to the Agreement and adopt the parties' above proposal as to their settlement proceeds.

Based on the forgoing, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 286) be **GRANTED** only to the extent that the Court finds the parties' settlement is fair and reasonable;

2. Opt-In Plaintiff Carlos Avila be dismissed from the action;

3. The fourteen (14) opt-in Plaintiffs listed in the above chart be considered part of the settlement class, and that their proceeds be distributed in accordance with the parties' proposal; and

4. The case be dismissed with prejudice and Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.  **If the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection.**

Recommended in Orlando, Florida on November 4, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record